### O. W. KERR CO. v. CORRY.

(Circuit Court of Appeals, Seventh Circuit. January 6, 1914.)

No. 2024.

1. APPEAL AND ERROR (§ 1170*)—REVIEW—PREJUDICE.

    A reversal on a writ of error will not be granted, where the errors complained of do not injuriously affect the substantial rights of the parties.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. § 1170.*]

2. BROKERS (§ 82*)—ACTION FOR COMPENSATION—COMPLAINT—AMENDMENT.

Where plaintiff sued on a contract to obtain a purchaser for a tract of land on which defendant had an option, the purchaser to agree to give defendant an option to repurchase the land at an advance of not to exceed $50,000 over what the purchaser may have invested in the land, plaintiff to receive a sum equal to the difference between $50,000 and the sum the purchaser would agree to reconvey for, and that plaintiff obtained a purchaser, who agreed to resell to defendant for an advance of $37,500, whereby defendant became indebted to plaintiff for $12,500, the court properly permitted plaintiff to amend at the opening of the trial by inserting a clause that defendant by its contract with plaintiff, which was not in writing, had agreed to pay to plaintiff, in addition to the sum ascertained as above alleged, $5,000 in any event, whereby defendant became liable to plaintiff for $17,500.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 101–103; Dec. Dig. § 82.*]

3. TRIAL (§ 64*)—ORDER OF PROOF—SURREBUTTAL.

Evidence to support one of defendant's witnesses, which was properly a part of defendant's case, was properly excluded when offered in surrebuttal.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 154, 155; Dec. Dig. § 64.*]

4. BROKERS (§ 85*)—ACTION FOR COMPENSATION—MATERIALITY OF EVIDENCE.

In a broker's action to recover compensation for obtaining a purchaser for an option on a tract of land, evidence concerning the nature of defendant's dealings with the parties from whom it expected to obtain the land was properly excluded as immaterial to the issue.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 106–115; Dec. Dig. § 85.*]

In Error to the District Court of the United States for the Western District of Wisconsin.

Action by James P. Corry against the O. W. Kerr Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Plaintiff in error, termed "defendant" herein, a corporation organized and existing under the laws of the state of Minnesota, claiming to have an option to purchase a large tract of land, approximately 150,000 acres, situate in the province of Saskatchewan, Canada, applied to defendant in error, herein designated as "plaintiff," to procure a purchaser for said tract of land upon certain terms set out in the complaint; one of the conditions being that such purchaser should agree to give to defendant an option to repurchase the same at an advance of not to exceed $50,000 over what such purchaser may have invested in said lands within the life of the original contract. In case the purchaser was secured, defendant agreed to pay to plaintiff a sum of money equal to the difference between $50,000 and the sum the purchaser would agree to reconvey for. A purchaser was secured by plaintiff, who agreed to resell to defendant for the sum of $37,500, whereby, it is alleged in the original proceeding, defendant became liable to pay plaintiff the difference of $12,500, for which he brought suit in the circuit court of Dane county, state of Wisconsin. The cause was removed to the United States Circuit Court for the Western District of Wisconsin. Thereafter, and at the opening of the trial, plaintiff obtained leave to and did amend his complaint by inserting a clause to the effect that defendant, in its contract for the securing of a purchaser by him above set out, which was not reduced to writing, had promised and agreed to pay to plaintiff, in addition to the sum ascertained as above stated, the sum of $5,000 in any event, whereby, the amended complaint charges, the defendant became liable to pay to plaintiff the sum of $17,500. Defendant by answer denied the material allegations of the complaint. On the trial the court

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ruled out the item of $12,500. Whereupon the jury rendered a verdict against defendant in favor of plaintiff for $5,000, upon which verdict the court entered judgment. This cause is now before us on writ of error to reverse such judgment.

Errors assigned are: (1) That the court erred in permitting the complaint to be amended; (2) that the court erred in overruling defendant's objections to certain questions put by plaintiff's attorney to defendant's witness Owen on cross-examination; (3) that the court erred in sustaining plaintiff's objections to questions put by defendant to its own witness Owen on redirect examination; (4) that the court erred in sustaining plaintiff's objections to questions put by defendant to its own witness Kerr on direct and on surrebuttal examination; (5) that the court erred in overruling defendant's objections to the argument of plaintiff's counsel; (6) that prejudicial error occurred in certain questions put by plaintiff's counsel to plaintiff himself and to plaintiff's witness Currier on their direct examination; (7) that prejudicial error occurred in the asking of several questions put by plaintiff's counsel to defendant's witness Owen on cross-examination.

Objection was made and sustained to each of these last-named questions recited under division 7, except one, to which no answer was given. Further facts are stated in the opinion.

John B. Sanborn and Chauncey E. Blake, both of Madison, Wis., and W. A. Koon, of Minneapolis, Minn., for plaintiff in error.

Samuel T. Swansen, of Madison, Wis., Paul D. Carpenter, of Milwaukee, Wis., and T. C. Richmond and R. W. Jackson, both of Madison, Wis., for defendant in error.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

KOHLSAAT, Circuit Judge (after stating the facts as above). [1] For plaintiff it is contended that no prejudicial error appears among those assigned.

In Miller & Co. v. Wilkins, decided by this court in October, 1913, 209 Fed. 582, we held that reversal will not be granted where errors complained of do not injuriously affect the substantial rights of parties.

In Press Pub. Co. v. Monteith, 180 Fed. 356–362, 103 C. C. A. 502, 508, the United States Circuit Court of Appeals for the Second Circuit states the rule as follows, viz.:

"The more rational and enlightened view is that in order to justify a reversal the court must be able to conclude that the error is so substantial as to affect injuriously the appellant's rights. Prejudice must be perceived, not presumed or imagined."

To the same effect are Security Trust Co. v. Robb, 142 Fed. 78–84, 73 C. C. A. 302, and Barlow v. Foster, 149 Wis. 613–627, 136 N. W. 822.

[2-4] It will be observed that no error is assigned to the effect that the verdict and judgment were contrary to the evidence. For all that appears in the assignment, the plaintiff may have sustained his complaint by an overwhelming preponderance of the evidence, even conceding the alleged vice of the errors assigned. There is no merit in the claim that it was error to permit the amendment. The rule in that respect is too well settled to require discussion. While the record seems to suggest some ulterior purpose on the part of plaintiff in persisting in asking the questions to which objections were made and sus-

tained, we are of the opinion that there was nothing in those questions calculated to or that did prejudice the minds of the jurors against defendant. Nor can we say that the portions of the argument of plaintiff's counsel objected to by defendant were of such character and persuasiveness that the jury were likely to be misled thereby. There was nothing in the case appealing to the passion of the jurors, nor were the remarks, although of doubtful propriety, of such a nature as to warp the judgment of the 12 men. The same may be said of the questions permitted to be answered over objection of defendant. While the form may have been objectionable, the substance was neither misleading nor foreign to the matter involved. With reference to the errors assigned upon the action of the court in sustaining the objections to the questions put by defendant to its own witness Kerr, on surrebuttal, it appears that objection was made to the question asked on the ground that he was called to corroborate Owen after plaintiff had taken the evidence of one Currier to impeach the testimony of Owen as to the agreement to pay the $5,000 commission in any case. This evidence was a part of the defendant's case and was not improperly excluded in rebuttal. The attempt to prove by the same witness the nature of the dealings which defendant had with the parties from whom it expected to obtain the land in question was, we think, properly excluded, as not bearing upon the matter at issue. But whether properly excluded or not, we are unable to see that such action of the court served to prejudice defendant's case. It was offered to offset some testimony brought out on the cross-examination of Owen, vice president of defendant company, without objection, which in itself was not material.

Without going further into details as to whether there was error on the part of the court in overruling certain objections and sustaining others, it is sufficient to say that we find nothing in the record in its present state to satisfy us that what was done by court and counsel was calculated to or did affect the substantial rights of the defendant. The present case comes within the terms of the decisions above quoted.

We are unable to conclude that the record discloses errors so substantial as to affect injuriously the defendant's rights, and the judgment of the District Court is therefore affirmed.