RUDIGER, Administratrix, Respondent, vs. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY, Appellant.

| 94 | 191 |
| 56 LRA 218n |

*September 26 — October 13, 1896.*

*Railroads: Injuries causing death: Death in another state: Statute construed.*

Under sec. 4255, S. & B. Ann. Stats. (giving a right of action against the person or corporation causing a death in cases where such person or corporation would have been liable to the deceased if death had not ensued, "provided that such action shall be brought for a death *caused in this state*, and in some court established by the constitution and laws of the same"), an action may be maintained for a death occurring in another state but resulting from wrongful and negligent acts committed by the defendant in this state.

APPEAL from an order of the circuit court for Dunn county: E. B. BUNDY, Circuit Judge. *Affirmed.*

The plaintiff brought this action in her representative capacity as administratrix of the estate of her deceased husband, Leopold Rudiger, to recover damages sustained by his death, occurring at St. Paul, Minn., but which was caused by the wrongful, careless, and negligent acts and omissions of the defendant, occurring upon the line of its railway, between Roberts and Hammond, in Wisconsin, and while he was there a passenger on its train of cars. A demurrer to the plaintiff's complaint upon the ground that it did not state facts sufficient to constitute a cause of action was over-

ruled, and the defendant appealed from the order. The only question presented is whether a death occurring outside this state, but resulting from wrongful and negligent acts within the state, is embraced within the statute (sec. 4255, S. & B. Ann. Stats.).

For the appellant there was a brief by *L. K. Luse*, attorney, and *Thomas Wilson*, of counsel, and oral argument by *Mr. Luse*.

For the respondent there was a brief by *John R. Mathews* and *C. T. Bundy*, attorneys, and *T. F. Frawley*, of counsel, and oral argument by *Mr. Bundy*.

PINNEY, J. Sec. 4255, S. & B. Ann. Stats., provides that: "Whenever the death of a person shall be caused by a wrongful act, neglect or default, and the act, neglect or default, is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case the person who, or the corporation which, would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured; provided, that such action shall be brought for a death *caused in this state,* and in some court established by the constitution and laws of the same." No action would lie by the common law for wrongfully causing the death of a human being, although the wrongful act might, under some circumstances, give a right of action to others, arising out of some relation existing between the deceased and the party suing. In such cases the right of action cannot spring from the death itself, but from the effect of the neglect or wrongful act upon rights growing out of such relations. For any personal injury inflicted on one in his lifetime the right of action therefor at the common law was extinguished by his death. Cooley, Torts, *262, and cases cited. In *Whitford v. Panama R. Co.* 23 N. Y. 470, it was said that the

authorities " settled the question that, where injuries are inflicted causing the death of a person, the right of action for such injuries dies with the person upon whom they are inflicted. The exceptions are that a husband may maintain a civil action for injury to the wife, so far as medical services and funeral expenses were incurred, or a parent for the loss of a child's services up to the time of its death; but not for the loss of life." In *Hollenbeck v. Berkshire R. Co.* 9 Cush. 480, an action under a statute providing for the survival of actions of trespass on the case for damages to the person, and that, "in the event of the death of any person entitled to bring such action, or liable thereto, the same may be prosecuted or defended by or against his executor or administrator, in the same manner as if he were alive," in effect like the statute of this state (secs. 2803, 4253) on the subject of survival of actions, SHAW, C. J., says: "It is perfectly well settled as a rule of common law that all rights of action for injury to the person die with the person, and it follows, therefore, that if either the plaintiff or defendant should die before judgment, in existing actions brought to recover, such actions must abate, and, if none had been brought by the party injured, none could be commenced by his personal representative. It was the obvious purpose of this statute to reverse this rule of law, and to provide that the right of action should survive, as in case of damages to property, and, of course, be liable to be prosecuted by or against an executor." It was also held, under this statute, that if a death was instantaneous and simultaneous with the injury, no right of action accrued to the person killed, and, of course, none to which the statute would apply. *Hollenbeck v. Berkshire R. Co., supra.* The statute under consideration was enacted to supply the manifest defect in the law as it thus existed, and to provide a remedy against the wrongdoer, if death ensued in consequence of his negligent or wrongful act.. It may well be conceded that the

remedy provided depends entirely upon this statute. The question is as to its scope and effect. The statute provides (R. S. secs. 4255, 4256) that a right of action in such cases shall exist in favor of the personal representative of such deceased person, and for a distribution of the recovery where " the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action, and recover damages in respect thereof," and " the person who, or the corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured." This is all of the statute declaratory of and defining the right of action. The cause of action is obviously the wrongful act or neglect. The proviso contains two limitations upon the right to prosecute the action, and requires (1) that " such action shall be brought for a death *caused* in this state, (2) in some court established by the constitution and laws of the same." It is not made of the substance of the right of action that the death should have *occurred* within the state, but the gist and substance of the provision is that the death shall have been *caused* by a wrongful act, neglect, or default occurring in this state; but in what state the damages ensued thereon was not, we think, intended to be made material.

In the construction of the act we ought not to restrict its beneficent provisions by a strained or fanciful construction, which a consideration of the former state of the law, and the defect to be remedied, satisfies us was not intended. The statute is a remedial one, and should be construed, not strictly, but so as to advance the remedy, and suppress the supposed wrong and injustice existing under the former condition of the law. The legislature doubtless had in view the result ensuing from such wrongful act, neglect, or default, and, if it had been intended that the action should not be maintained when caused by a wrongful neglect or

default occurring in this state if the consequence or death occurred outside of the state, it seems reasonable to suppose that they would have expressly so provided. In many cases arising under similar acts, it has been held that the action could not be maintained if the fatal injury occurred outside of the jurisdiction of the state in which the statute relied on was enacted; that, if it appears that the injury occurred outside of the state, and it did not appear that the law of such state gave such a remedy, there could be no recovery. 1 Shearm. & Redf. Neg. § 131; Cooley, Torts, *266, and cases in notes; *Whitford v. Panama R. Co.* 23 N. Y. 465; *Debevoise v. N. Y., L. E. & W. R. Co.* 98 N. Y. 377. But in New York it is now settled that the action may be maintained in a state other than where the injury occurred, if the statutes of such state confer substantially the same remedy as the statutes of the latter state. And in *Dennick v. Railroad Co.* 103 U. S. 11, it was held that the right of action, under such a statute, in the absence of contrary provisions, is transitory, and may be asserted in any circuit court of the United States having jurisdiction of the subject matter and the parties; and that where A. died in New Jersey, from injuries received in that state, for which, if death had not ensued, the party inflicting them would have been liable for damages, and the statute of that state provided that in case of death such action might be brought against the party by the personal representative of the deceased, a recovery by an administratrix of A., appointed in New York, was sustained; the action having been commenced in the state court of that state, and removed to the circuit court of the United States by reason of the diverse citizenship of the parties. In that case the statute law of both states and their public policy were substantially identical.

The object and effect of the proviso to our statute was to render the action local, and limit it to cases where death

was caused by acts committed or occurring within the state, without regard to whether the death occurred within or without it. The foundation of the action is obviously the wrongful or negligent act or default which caused the injury, and which is in contravention of the law of the state. This, as we have said, is the substantive ground of action. *De Harn v. M. N. R. Co.* 86 Tex. 68; *Hegerich v. Keddie,* 99 N. Y. 267; *McCarthy v. C., R. I. & P. R. Co.* 18 Kan. 46; *Needham v. G. T. R. Co.* 38 Vt. 294. Reliance was placed upon a casual remark by FIELD, J., in *Railroad Co. v. Whitton's Adm'r,* 13 Wall. 270, 285, that "it is undoubtedly true the right of action exists only by virtue of the statute, and only in cases where the death was caused within the state. The liability of the party, whether a natural or artificial person, extends only to cases where, from certain causes, death ensues within the limits of the state." The question we have been considering was not involved in that case, and the remark was *obiter.* For the reasons stated, we cannot allow it to control our judgment as to the proper construction of the statute. The order overruling the demurrer is correct.

*By the Court.*— The order of the circuit court is affirmed.