## ALBERT MILLER & CO. v. WILKINS.

(Circuit Court of Appeals, Seventh Circuit.   October 7, 1913.)

### No. 1,964.

1. MASTER AND SERVANT (§§ 101, 102, 235*)—INJURIES TO SERVANT—DUTIES OF
    MASTER—SAFE INSTRUMENTALITIES—DUTY TO PROVIDE.
    A master is bound to provide safe instrumentalities for his servants
    while at work, and the servants may absolutely rely on the performance
    of such duty.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§
    135, 171, 174, 178–184, 192, 710–722; Dec. Dig. §§ 101, 102, 235.*]

2. MASTER AND SERVANT (§ 106*)—INJURIES TO SERVANT—USE OF APPLIANCES
    OF ANOTHER.
    Where defendant, by whom plaintiff was employed, used the premises
    and appliances of the M. Company in removing a quantity of potatoes
    purchased from said company, he was chargeable with knowledge of, and
    answerable for, defects in a hoist used on such premises, and belonging
    to the M. Company, by reason of which defects plaintiff was injured.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§
    193–198; Dec. Dig. § 106.*]

3. MASTER AND SERVANT (§ 106*)—INJURIES TO SERVANT—DUTY OF MASTER—
    SAFE PLACE.
    A master is bound to use reasonable care to provide a safe place in
    which his servants may work, and, if the master contracts to do work
    on the premises of another, he must exercise the same care for the
    safety of his servants there as on his own premises.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§
    193–198; Dec. Dig. § 106.*]

4. DAMAGES (§ 98*)—PERSONAL INJURIES—AMOUNT OF RECOVERY—DETERMINA-
    TION—INTEREST METHOD.
    In an action for injuries to a servant, an instruction that one way of
    ascertaining plaintiff's damages would be to award him such a sum as,
    placed at 5 per cent. interest, would produce the amount he earned, was
    improper, since the interest method is not a proper way of ascertaining
    damages.
    [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 235, 236; Dec.
    Dig. § 98.*]

5. APPEAL AND ERROR (§ 1068*)—EXTENT OF INJURIES—DAMAGES—PREJUDICE.
    Where, in an action for injuries to an employé, the jury awarded only
    $3,000, and so could not have found that the injuries were permanent,
    nor estimated such damages by the interest method, an instruction au-
    thorizing them to so estimate the damages was harmless.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–
    4228, 4230; Dec. Dig. § 1068.*]

6. APPEAL AND ERROR (§ 880*)—RIGHT TO ALLEGE ERROR—CODEFENDANTS—
    JOINT AND SEVERAL LIABILITY.
    Where an injured servant sued his master and the M. Company, charg-
    ing them with joint and several liability, and the jury found for plaintiff
    only against the master, the latter could not successfully urge error in
    the instructions given in regard to the M. Company.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3584–
    3590; Dec. Dig. § 880.*]

In Error to the District Court of the United States for the West-
ern District of Wisconsin; Arthur L. Sanborn, Judge.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Louis E. Wilkins against Albert Miller & Co. and another. Judgment for plaintiff, and defendants Albert Miller & Co. bring error. Affirmed.

Defendant in error recovered a judgment against plaintiffs in error,. a co-partnership, in the sum of $3,000 for personal injuries received as a result of a defective hoisting device, while in the employ of plaintiffs in error upon the premises of the Murphy Company, a corporation, which was made a party defendant to the complaint herein, but which the jury failed to include in its verdict of guilty.

From the record it appears that plaintiffs in error were using the premises of the Murphy Company in removing therefrom a large quantity of potatoes which they had purchased from the Murphy Company and which they were to remove at their own cost. In doing so, they were given the right to use so much of the Murphy Company's premises as necessary, including the hoisting apparatus. This latter consisted of a block and tackle fastened to a joist near the ridge of the roof by means of a number of strands of wire passing through the eye of the block and around the joist. A rope was run through the block and over the sheave. One end of the rope was attached to the object to be hoisted from the cellar of the warehouse, while the other was used by the operator in applying power for hoisting. The Murphy Company had been accustomed to lift by horse power. Plaintiffs in error substituted their own rope and the weight of a man upon the free end of the rope, whereby a bag of potatoes, being of less weight than the man, was lifted to the desired elevation. In adjusting the device, plaintiffs in error were obliged to send a man up to the block, so that, had plaintiffs in error so directed, the condition of the block and its wire lashing might have been ascertained. After all of the potatoes save a few bushels had been removed, and after some five or six days' use of the device, the wire lashing gave way under the weight of defendant in error and he was precipitated into the cellar, a distance of about ten feet, whereby he was injured. Thereupon he brought this suit, charging plaintiffs in error and Murphy Company jointly and severally with negligence in not furnishing him with a safe place in which, and safe appliances with which, to work. The trial resulted as above set out. Plaintiffs in error have brought the cause to this court, assigning as error that the court refused to take the case from the jury as to Miller & Co. and in telling the jury that it was the duty of Miller & Co. to use ordinary care in providing a safe working place and a safe appliance in and with which defendant in error was to work, and also that the court committed further error in telling the jury how they might arrive at the amount of damages if they found defendants guilty, and in giving certain instructions as to what facts must be proven before Murphy Company could be held liable.

S. T. Swansen, of Madison, Wis., S. L. Lowenthal and Fred Lowenthal, both of Chicago, Ill., and T. C. Richmond and R. W. Jackman, both of Madison, Wis., for plaintiffs in error.

W. H. Frawley and T. F. Frawley, both of Eau Claire, Wis., for defendant in error.

John Evans, for Murphy Co.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

KOHLSAAT, Circuit Judge (after stating the facts as above). [1] There can be no doubt, under the facts presented, as to the liability of plaintiffs in error for the injuries sustained by defendant in error. They were clearly charged with the duty of providing safe instrumentalities for their servants while at work, and defendant in error had a right to rely upon their performance of that duty.

[2] It is said in Labatt, Master & Servant, § 172:

"Both upon principle and authority it is clear that a master is answerable for defects in any instrumentalities which he has temporarily taken over from the owner and made a part of his own plant. In such cases the elements of possession and the exercise of control are decisive. * * * So far as regards his obligations to his servants, he must be considered as the owner pro tempore. This principle is applicable whether he has borrowed the appliance in question or has hired it for a specific consideration or has taken possession of it for a definite or an indefinite period with a view to the performance of certain work in which he and the owner are both interested."

Where an elevator company took a car from a railway company by means of an inclined track, an employé of the elevator company was injured, while engaged in conducting a car by gravity down this incline, by reason of a defective brake on the car. Held, that the defect might have been discovered by the use of ordinary care on the part of the elevator company, and that the question of the liability of the elevator company was properly submitted to the jury. Republic Elevator Co. v. Lund et al., 196 Fed. 745, 116 C. C. A. 373 (C. C. A. 8th Cir.).

[3] That a master is bound to use reasonable care to provide a safe place in which his servant may work is now too well established to require citation of authority, and it can make no difference, so far as the servant is concerned, whether the master is using his own property or that of another. As was said in American Machinery Co. v. Ferry, 141 Ky. page 374, 132 S. W. page 547:

"The master who contracts to do work on the premises of another must exercise ordinary care for the safety of his servants there, no less than on his own premises."

Miller & Co. were not excused from the duty of providing a safe place and safe appliances. They had full opportunity to satisfy themselves that the premises and appliances were in good and safe condition, and were bound to do so as to defendant in error. Therefore the court properly left it to the jury to determine from the evidence whether they discharged their duty in that respect toward defendant in error.

[4] Plaintiffs in error contend that the court erred in telling the jury that one way of ascertaining the amount of damages, if they found plaintiffs in error and said Murphy Company guilty as charged, would be to award defendant in error such a sum as, placed at 5 per cent. interest, would produce the amount he earned, and that it was error, on the facts of the case, to tell the jury it was for them to decide whether the injuries of defendant in error were permanent, at the same time advising them that he did not think, from the evidence, that they were permanent.

The interest method above stated was not a proper way in which to ascertain the amount of damages. Houston Railway Co. v. Willie, 53 Tex. 318, 37 Am. Rep. 756; Rudiger v. C. St. P. M. & O. Ry. Co., 94 Wis. 191, 68 N. W. 661; Crouse v. C. & N. W. Ry. Co., 102 Wis. 196–208, 78 N. W. 446, 778; Hackett v. Wis. Cent. Ry. Co., 141 Wis. 464–473, 124 N. W. 1018.

[5] As to the extent of the injuries, we are of the opinion that that question was properly left to the jury. However that may be, it is plain from the small amount of the verdict that the jury neither considered the injuries permanent nor estimated damages in the manner suggested by the court.

In Press Pub. Co. v. Monteith, 180 Fed. 356–362, 103 C. C. A. 502, 508, the United States Circuit Court of Appeals for the Second Circuit states the rule as follows, viz.:

"The more rational and enlightened view is that in order to justify a reversal the court must be able to conclude that the error is so substantial as to affect injuriously the appellant's rights. Prejudice must be perceived, not presumed or imagined."

Here, whatever presumptions there are rebut the theory of prejudice or injury.

[6] With reference to the contention of plaintiffs in error that they were prejudiced by the instructions of the court bearing upon the liability of Murphy Company, it is sufficient to say that the complaint joins both parties, charging them with joint and several liability. The jury found only plaintiffs in error to be guilty, as, under the pleadings and evidence, it lawfully might do. Having been found guilty, they are not in position to urge error in the instructions given by the court in regard to Murphy Company. This is a suit brought by defendant in error and not one for the adjustment of the relative rights between the defendants to the suit. The only question is: Were the plaintiffs in error guilty of negligence? The jury found they were, and the court entered judgment on the verdict, wherein we concur. Other errors assigned we do not deem it necessary to decide.

The judgment of the District Court is affirmed.