Hillsborough, }
Jan. 5, 1937. }

WINTHROP WADLEIGH, *Adm'r v.* ROBERT HOWSON *& a.*

JOHN C. AHERN *v.* SAME.

*Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Booth* orally), for both plaintiffs.

*Doyle & Doyle* (*Mr. Paul J. Doyle* orally), for the defendants.

*Samuel A. Margolis, amicus curiae,* was permitted to argue orally without filing a brief.

WOODBURY, J. The answers returned by the jury to the special questions submitted to them are to the effect that the pork from which the Howsons manufactured the pies was contaminated when sold to them, and that it was not thereafter purified by the boiling and baking incident to such manufacture. Question number five, not reported in *Howson* v. *Company, supra,* because not material to the cases then under consideration, reads as follows: "If it was purified by boiling and baking, was it afterwards contaminated by reason of negligence on the part of the Howsons?" The jury returned no answer to this question.

In view of the answers given to the preceding interrogatories question number five required no answer. The findings of the jury are made abundantly clear by the answers which they gave to questions numbered three and four. According to those answers they found that the pork was contaminated before the Howsons had anything to do with it, and that it was not subsequently purified by cooking. There being no evidence in the record from which it could be found that the Howsons were negligent in not discovering the unwholesome condition of the pork, these findings amount to an exoneration of these defendants from the charge of actual negligence.

In the opinion handed down in the cases which were tried in conjunction with the instant ones it was held that violation of the pure food law (P. L., *c.* 139, *ss.* 1, 3; Laws 1929, *c.* 45, *s.* 5), is not negligence *per se.* It is now argued, however, that these defendants are estopped "from denying liability because of their violation of the statute" for the reason that their counsel, in the action in which they were the plaintiffs and the Foster Beef Company was defendant, requested the court to charge that violation of that statute was ground for civil liability. This argument is without merit for at least two reasons. In the first place, because the jury were asked to answer special questions rather than return a general verdict, it was unnecessary to charge them on this point at all (*Howson* v. *Company, supra*); and, in the second place, that request for instructions was made in an entirely separate and distinct case. The fact that it was tried at the same time does not render it any the less a separate legal proceeding.

It follows then that the counts sounding in negligence are not available to the plaintiffs and that those for breach of warranty are the only ones upon which the plaintiffs may hope to prevail.

In *Howson* v. *Company, supra,* it was held that actions for breach of warranty sounded in contract rather than in tort, that, independent of statute, no civil liability exists for the killing of a human being, and that, under our statute (P. L., *c.* 302), no recovery may be had for a death caused by breach of contract. The reasons for these holdings were there carefully expounded after full consideration of all the factors involved and we are not disposed to again canvass the matter, even though, due to the fact that those results were reached in other cases, we could do so without violence to settled rules of procedure in this court.

It follows that there must be judgment for the defendants in the action of Wadleigh, administrator, against the Howsons.

The action of John C. Ahern, however, is not governed by the foregoing principles. In this case it is to be borne in mind that the father, and the father only, is the party plaintiff. The rights of his wife and children to recover for their personal injuries are not involved and no opinion as to their rights is intended to be expressed herein.

The defendants in the case at bar were warrantors of the wholesomeness of the pies which they sold because "since the passage of the sales act 'Dealer as well as manufacturer or grower affirms as to anything he sells, if purchased by description, that it is of merchantable quality'." *Howson* v. *Company, supra* 203, citing *Ryan* v. *Progressive Grocery Stores,* 255 N. Y. 388, 392. And this warranty extends to the plaintiff, John C. Ahern, because the evidence conclusively shows that his wife purchased the pies as his agent. *Ryan* v. *Progressive Groceries Stores, supra; Gearing* v. *Berkson,* 223 Mass. 257.

In *Hawkins* v. *McGee,* 84 N. H. 114, 117, the rule of damages for breach of an express warranty was fully considered, and such damages were said to include "such incidental losses as the parties knew or ought to have known would probably result from failure to comply with its terms." Obviously the same rule applies to warranties implied by operation of law, and, equally obviously, physical injury must be within the actual or presumed contemplation of the parties when actually or constructively warranting the wholesomeness of food.

This plaintiff in his declaration sets forth a claim for damages for loss of the services of his deceased child which cannot be recovered. *Chaloux* v. *Company,* 75 N. H. 281; see also, *West* v. *Railroad,* 81 N. H. 522. His other claims are recoverable depending upon whether or not such damages were findably within the contemplation of the parties under the rule above quoted.

368

Due to the fact that no questions relating to the propriety of the trial upon either the issue of liability or damages have been transferred and were, of course, not before us and so were not considered in *Howson* v. *Company, supra,* no claim is presented of any prejudice to their rights by any rulings therein made and it follows that there must be

*Judgment for the defendants in the Wadleigh case:*

*judgment for the plaintiff in the Ahern case.*

PAGE, J., was absent: the others concurred.