HASSON GROCERY CO. v. COOK.

(In Banc. May 8, 1944.)

[17 So. (2d) 791. No. 35602.]

Gilbert & Cameron, of Meridian, for appellant.

456

**J. E. Parker** and **J. V. Gipson,** both of Meridian, for appellee.

458

Argued orally by **Charles B. Cameron**, for appellant, and by **J. V. Gipson**, for appellee.

**Alexander, J.**, delivered the opinion of the court.

Appellee, as widow, brought suit against Hasson Grocery Company on account of the death of her husband, caused by eating of a portion of cocoanut pie manufactured and sold by the defendant. It is alleged that the food contained a poisonous substance and the suit is brought under 2 Miss. Code 1942, Section 1453.

The testimony is extensive upon the issue of cause and effect, but we will notice only the contention raised by the demurrer that Section 1453 does not give to the widow a cause of action arising ex contractu. The declaration is meticulously drawn to ground the action upon breach of implied warranty and the plaintiff's only instruction upon liability is drawn so as to present such basis, authorizing judgment solely upon a finding that the pie was poisonous and was prepared and sold by defendant, and that it was bought by plaintiff and eaten by the deceased to his injury.

Section 1453 is our adaptation of Lord Campbell's Act, 9 & 10 Vict. chap. 93, which in derogation of the common law gave a cause of action to the executor or administrator of a person whose death had been caused by defendant's "wrongful act, neglect or default." Our statute extended this right to the widow or other appropriate heirs of the deceased when the death has been "caused by any real wrongful or negligent act, or omission, or by [any] unsafe machinery, way or appliances" in cases where the injured party, had he survived, could have maintained an action in respect thereof.

The demurrer raises squarely and concisely the question whether the statute gives to the widow a right of action upon an implied warranty. That such cause of action did not survive at common law is clear. Kirkpatrick v. Ferguson-Palmer Co., 116 Miss. 874, 77 So. 803; S. H. Kress & Co. v. Lindsey (5 Cir.), 262 F. 331, 13 A. L. R. 1170; 1 C. J. S., Actions, Sec. 45, p. 1099; 1 Am. Jur., Abatement and Revival, Sec. 83. The statute is not one of survival but creates a new and independent cause of action. Thames v. Mississippi (5 Cir.), 117 F. (2d) 949, 136 A. L. R. 926, certiorari denied 314 U. S. 630, 62 S. Ct. 63, 86 L. Ed. 506; St. Louis & S. F. R. Co. v. Moore, 101 Miss. 768, 58 So. 471, 39 L. R. A. (N. S.) 978, Ann. Cas. 1914B, 597; 25 C. J. S., Death, Sec. 15; 16 Am. Jur., Death, Sec. 61, p. 48; Tiffany, Death by Wrongful Act (2d Ed.), Sec. 23.

It will be borne in mind that we are not faced with a right of action for the negligence of defendant, and however, pertinent may be the tragic and, deplorable consequences of the innocent conduct of the deceased nor the extent of damages recoverable by him had he survived, our inquiry is whether the law has given to plaintiff a right to recover damages for the unfortunate death of her husband arising out of a breach of warranty between him and the defendant. Plaintiff is not here suing for any damage occasioned to her by partaking of infected pie, nor upon any theory of privity of contract. Therefore the legal issue remains: is a right of action ex contractu by a widow for death of her husband created by the statute? If such right exists it must be comprehended within the language "real wrongful or negligent act."

Concededly an injury may give rise to an action either ex delicto or ex contractu. That the tort involved a breach of contract is no impairment of the right to sue for the tort. The contractual relation expends its force once it has served to establish a relationship which creates duties whose breach constitute the tort. Braun v. Riel (Mo. Sup.), 40 S. W. (2d) 621, and case notes in 80 A. L. R. 884, 115 A. L. R. 1026. But suits when brought avowedly upon negligence invoke the breach of duty as a tort and not as a breach of contract. An illustrative case is Thaggard v. Vafes, 218 Ala. 609, 119 So. 647, 649, where the court stated: "While the authorities are agreed that a mere breach of contract is not a wrongful or negligent act within the meaning of statutes giving a right of action for wrongfully causing death, yet they are also agreed that the negligent or tortious breach of a duty to the person whose death is caused thereby is within the statute, though such duty arises out of contract." The suit was based upon negligence.

The history of our statute traces its purpose to the injustice and inconsistency of "sanctioning damages for short-lived pains and refusing them for a life-long sorrow and the pecuniary losses consequent upon the death of

one from whom was derived support, comfort and even the necessary stays of life." Van Amburg v. Vicksburg, S. & P. R. Co., 37 La. Ann. 650, 55 Am. Rep. 517. See also 16 Am. Jur., Death, Sec. 48. The early refinements were concerned with the definitive scope of "negligence," involving the propriety of including deliberate or felonious acts within its area. By employing the term "wrongful" its meaning was expanded so as to include felonious acts. McClure v. Alexander, 24 S. W. 619, 15 Ky. Law Rep. 732, after stating that negligent acts alone were contemplated by such statutes held that "the words 'wrongful act' were intended to denote . . . all kinds of acts from which negligence could arise." Nowhere in the materials from which this statutory reform was constructed is there found any reference to acts that were wrongful except in a tortious sense. Barley's Adm'x v. Clover Splint Coal Co., 286 Ky. 218, 150 S. W. (2d) 670; Bloss v. Dr. C. R. Woodson Sanitarium, 319 Mo. 1061, 5 S. W. (2d) 367. The wrongdoer is referred to as a tort feasor and all discussion of both the evil and the remedy assumes that the wrongful act is either purposeful or negligent. A breach of contract is not such "wrongful or negligent act." S. H. Kress & Co. v. Lindsey, supra (construing our statute); cf. Burkhardt v. Armour & Co., 115 Conn. 249, 161 A. 385, 90 A. L. R. 1261; Howson v. Foster Beef Co., 87 N. H. 200, 177 A. 656; 16 Am. Jur., Death, Secs. 56, 69-73; 4 Restatement, Torts, Sec. 925, 25 C. J. S., Death, Sec. 23; Tiffany, op. cit. supra, Secs. 18, 20, 62 seq.; Greco v. S. S. Kresge Co., 277 N. Y. 26, 12 N. E. (2d) 557, 115 A. L. R. 1020, expresses an isolated and dissentient view. Suit was by the administrator and the language of the applicable statute is not identical with ours. In denoting a breach of warranty as a "default" the court seems to have given scant consideration to the fact that while such default was actionable, the action should have been ex delicto, and this, too, despite its concession that the contemplated acts under Lord Campbell's Act were all tortious. Our statute does not use the term

"default." Appellee contends that the controlling test of her right to sue is whether the action could have been brought by the husband had he survived. This is a prerequisite but the initial requirement remains that the death must have been caused by a real wrongful or negligent act. The latter condition restricts rather than enlarges the right of the surviving spouse. We must impute some emphasis to the words "real wrongful" in our statute as narrowing its meaning to an actual and not a nominal or constructive wrong. Astor v. Merritt, 111 U. S. 202, 4 S. Ct. 413, 28 L. Ed. 401. This is especially proper in view of the necessity of upholding a strict construction. Cf. McNeely v. City of Natchez, 148 Miss. 268, 114 So. 484.

It is by no means intimated that a surviving spouse is without remedy nor what remedy may be available. Common observation confirms the fact that suits for injuries due to deleterious food products have ordinarily been grounded upon breach of warranty. The leverage of such theory has seldom been foregoing in favor of an action of which negligence is the gravamen. Yet a faithful preservation of the integrity of the separate forms of action identifies each with its respective benefits and burdens, available offensively or defensively. Grapico Bottling Co. v. Ennis, 140 Miss. 502, 106 So. 97, 44 A. L. R. 124. The freedom of selection accorded an injured plaintiff finds its echo in that of the legislature to elect what new causes of action will be bestowed upon survivors' or personal representatives. If appellee is denied the right to maintain this action it is not by the technicality of construction but by the asserted "wrongful or negligent omission" of the legislature in thus restricting the scope of such actions. Plaintiff chose to seek the supposed privileges of our statute; she must be held bound by its limitations. She has elected to follow the comparatively open path of implied warranty. We are compelled to hold that it leads outside the statute.

The demurrer ought to have been sustained.

Reversed and remanded.