SCHNABL, Administratrix of the Estate of Barbara M. Austin, deceased, and as General Guardian, Appellant, v. FORD MOTOR COMPANY and another, Respondents.*

*No. 19. Argued February 29, 1972.—Decided March 30, 1972.*
(Also reported in 195 N. W. 2d 602 and 198 N. W. 2d 161.)

---

* Motion for rehearing denied, without costs, on June 6, 1972.

348

For the appellant there was a brief by *Edward P. Rudolph* and *Rudolph & Moore,* all of Milwaukee, and oral argument by *Edward P. Rudolph.*

For the respondent Ford Motor Company there was a brief by *Merten, Connell & Sisolak* of Milwaukee, and oral argument by *Walter L. Merten.*

For the respondent Jack White, Inc., there was a brief by *Borgelt, Powell, Peterson & Frauen* of Milwaukee, and oral argument by *Reuben W. Peterson, Jr.*

HANLEY, J.   Two issues are presented on this appeal:

(1) Does this court have jurisdiction to hear an appeal when the notice of appeal was served on respondent's attorneys rather than on respondents personally; and

(2) Is the wrongful-death statute of Wisconsin applicable to grant a remedy to a Wisconsin decedent's children where defective seat belts, bought by decedent with a new car from defendants in Wisconsin, broke, during a roll-over accident while passing through Indiana?

*Appellate jurisdiction.*

Respondents' first contention is that, inasmuch as appellant served the notice of appeal on trial counsel rather than personally on respondents or on someone expressly authorized to accept service for respondents, the appeal was improperly commenced and that this court lacks jurisdiction as a result. The same contention was presented and rejected prior to oral argument, when this court denied a motion to dismiss the appeal. The statute relating to service of a notice of appeal is sec. 274.11, Stats., which states in part:

"**Appeal, how taken and perfected; notice; costs. (1)** An appeal is taken by serving a notice of appeal signed by

the appellant or his attorney on each party adverse to him upon the appeal who appeared in the action or proceeding, . . ."

The statute does appear to require personal service of the notice of appeal upon the parties adverse to the appellant. However, this court has held that substituted service upon the respondent's trial counsel is sufficient to confer jurisdiction over parties on appeal. As this court stated in *Hooker v. Hooker* (1959), 8 Wis. 2d 331, 337, 99 N. W. 2d 113:

". . . It is our view that when a party retains an attorney to appear in an action, the party contemplates the usual and ordinary proceedings which may be taken after judgment, and the statutory provisions for appeal and review of the judgment within specified periods from the date of entry, and that in the absence of a substitution or withdrawal of the attorney of record, service of notice upon such attorney is sufficient in all such proceedings and is authorized by sec. 269.37." [1]

The above view reflects the realities of appellate practice. There is little room for doubt that trial counsel would immediately notify his client that an appeal was being taken from a judgment in the client's favor. Similarly, the client would, in the typical case, expect his trial attorney to represent him on appeal. Certainly, there is no injustice or want of due process in allowing trial counsel to accept service of notice of appeal on his client's behalf.

*Wrongful-death action.*

The trial court in this case granted summary judgment in favor of respondents on the grounds that the Indiana two-year statute of limitations in wrongful-death actions had run, thereby barring this action. Sum-

[1] Sec. 269.37, Stats., reads in part as follows: "When a party to an action or proceeding shall have appeared by an attorney the service of papers shall be made upon the attorney. . . ."

mary judgment is a useful tool for the promotion of efficiency in the administration of justice, since it can be used to prevent sham pleadings and delay and to terminate the case on its merits. *Seventeen Seventy-Six Peachtree Corp. v. Miller* (1969), 41 Wis. 2d 410, 414, 164 N. W. 2d 278. It is, however, a drastic remedy which should be granted only in unusual circumstances. As stated in *Thompson v. Dairyland Mut. Ins. Co.* (1966), 30 Wis. 2d 187, 190, 140 N. W. 2d 200:

". . . A defendant is not entitled to summary judgment unless the facts presented conclusively show that the plaintiff's action has no merit and cannot be maintained. Summary judgment should not be granted where there are substantial fact issues to be determined, when the evidence on a material issue is in conflict, or when there are permissible inferences from undisputed facts that would permit a different result."

It is conceded that, if the Indiana wrongful-death statute applies, the action was not brought until the governing statute of limitations had run. However, if this action was properly brought under the Wisconsin wrongful-death statute, as appellant contends, it was commenced within the three-year limitation established by sec. 893.205 (2), Stats. The question, therefore, is whether appellant can bring an action for wrongful death under the Wisconsin statute, where the death occurred in Indiana, but allegedly resulted from negligence or breach of warranty which took place in this state.

The Wisconsin wrongful-death statute, sec. 895.03, Stats., reads as follows:

"**Recovery for death by wrongful act.** Whenever the death of a person shall be caused by a wrongful act, neglect or default and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who would have been liable, if death had not ensued, shall be liable to an action for damages notwithstanding

the death of the person injured; *provided, that such action shall be brought for a death caused in this state.*" (Emphasis supplied.)

The right to recover for wrongful death is purely statutory, since no such right existed under the common law. *Cogger v. Trudell* (1967), 35 Wis. 2d 350, 353, 151 N. W. 2d 146. Wrongful-death statutes, insofar as they alleviate the harshness of the common-law rule, are remedial, and should therefore be broadly construed to effectuate their purpose. *Kwaterski v. State Farm Mut. Automobile Ins. Co.* (1967), 34 Wis. 2d 14, 21, 148 N. W. 2d 107.

Respondents contend that since the seat belt broke as a result of an accident in Indiana, the death was not "caused in this state," and that the Wisconsin statute is therefore inapplicable. This contention confuses the term "caused" with the word "occurring." The argument ignores the allegations in the complaint that the breach of warranty or negligence of the respondents in this state "caused" the seat belt to break. To support the proposition that the Wisconsin wrongful-death statute cannot be applied when death results in some other state, respondents cite *Bain v. Northern Pacific Ry. Co.* (1904), 120 Wis. 412, 98 N. W. 241; *White v. Minneapolis, St. P. & S. S. M. Ry. Co.* (1911), 147 Wis. 141, 133 N. W. 148; *Anderson v. Miller Scrap Iron Co.* (1922), 176 Wis. 521, 182 N. W. 852, 187 N. W. 746; and *Shaver v. Soo Line R. R. Co.* (D. C. Wis. 1968), 284 Fed. Supp. 701. However, none of these cases support respondents' contention, since they all involve deaths which were plainly "caused" in other states; none of the above-cited cases involved allegations that death resulted from a wrongful act, neglect or default occurring in Wisconsin.

Rather, this case is governed by *Rudiger v. Chicago, St. P., M. & O. Ry. Co.* (1896), 94 Wis. 191, 68 N. W. 661, wherein it is stated at pages 194 and 195:

". . . It is not made of the substance of the right of action that the death should have *occurred* within the state, but the gist and substance of the provision is that the death shall have been *caused* by a wrongful act, neglect, or default occurring in this state; but in what state the damages ensued thereon was not, we think, intended to be made material.

"In the construction of the act we ought not to restrict its beneficent provisions by a strained or fanciful construction, which a consideration of the former state of the law, and the defect to be remedied, satisfies us was not intended. The statute is a remedial one, and should be construed, not strictly, but so as to advance the remedy, and suppress the supposed wrong and injustice existing under the former condition of the law. The legislature doubtless had in view the result ensuing from such wrongful act, neglect, or default, and, if it had been intended that the action should not be maintained when caused by a wrongful neglect or default occurring in this state if the consequence or death occurred outside of the state, it seems reasonable to suppose that they would have expressly so provided. . . ."

Therefore, it is immaterial where the death occurred, so long as it resulted from a wrongful act, neglect or default in this state. The statute requires that death be "caused in this state." At first blush it seems difficult to place the cause of death in Wisconsin when the accident took place in Indiana, but it is important to note that what is being sought is not the cause of the accident, but the cause of death. Appellant is not suing for total injuries, but for the death alleged to have been caused by the incremental injury which occurred because of the faulty seat belt.

This court has held that "The test of cause in Wisconsin is whether the defendant's negligence was a substantial factor in contributing to the result."[2] It need not be

[2] *Kinsman v. Panek* (1968), 40 Wis. 2d 408, 417, 162 N. W. 2d 27.

the sole factor, the primary factor, only "a substantial factor." Whether the delivery in Wisconsin of a faulty seat belt could have been a substantial factor in causing the death of deceased, even if it played no part in the accident, is a question of fact to be determined by the trier of fact. We think that since the complaint alleges negligence and breach of warranty in Wisconsin as the cause of death it is sufficient.

Respondent Ford Motor Company contends, however, that any negligence on its part took place in Minnesota, where the seat belts were manufactured and installed and where title to the car passed to respondent Jack White, Inc. Furthermore, Ford contends that a wrongful-death action cannot be maintained for breach of warranty, since an action on warranty is *ex contractu*, whereas the wrongful-death statute applies only to actions *ex delicto*. This latter contention carries considerable weight and has not previously been raised in this court. Other jurisdictions which have considered the question of the propriety of bringing an action sounding in contract under the wrongful-death statute have conflicting views. This conflict is reflected in 25A C. J. S., *Death*, pp. 615, 616, sec. 23:

"According to one view, a breach of implied warranty, such as an implied warranty of the fitness of food for consumption, is a wrongful act for which a death action will lie. However, under other authorities, no death to action will lie for a breach of an implied warranty; a breach of an implied warranty of fitness of food or other articles for consumption sounds in contract, and does not give rise to a cause of action under a statute limited in operation to deaths resulting from torts."

Some of the cases dealing with deaths allegedly caused by breaches of implied warranty involve statutes materially different from the Wisconsin wrongful-death statute. For example, in *DiBelardino v. Lemmon Pharmacal Co.* (1965), 416 Pa. 580, 208 Atl. 2d 283, the

Pennsylvania Supreme Court held that no recovery was allowed in an assumpsit action for a death caused by the injection of defendant's drug, since the statute, which allowed recovery for deaths "occasioned by unlawful violence or negligence," applied only to torts. *See also: Frankel v. Styer* (D. C. Pa. 1962), 201 Fed. Supp. 726. In Mississippi, the case of *Hasson Grocery Co. v. Cook* (1944), 196 Miss. 452, 17 So. 2d 791, dealt with an action for death caused ,when the defendant sold an allegedly poisonous coconut pie to the plaintiff's husband. The supreme court, at page 459, held that the plaintiff-wife, who alleged breach of implied warranty, could not recover under a statute giving a cause of action for death " 'caused by any real wrongful or negligent act, or omission, or by [any] unsafe machinery, way or appliances.' " The court noted that the statute did not contain the word "default," and stated that the phrase *"real* wrongful" must be taken to mean something more than a nominal or constructive wrong, such as that involved in an action *ex contractu. See also: Goodwin v. Misticos* (1949), 207 Miss. 361, 42 So. 2d 397. In *Horne v. Armstrong Products Corp.* (5th Cir. 1969), 416 Fed. 2d 1329, the court held that a statute allowing recovery for death resulting from "a crime or from criminal or other negligence" would not support an action based on a breach of implied warranty of fitness, where a gas heater manufactured by the defendant asphyxiated the deceased.

Other cases denying recovery for actions *ex contractu* in wrongful-death suits, however, have dealt with statutes substantially similar to the Wisconsin act. Thus, where a baker bought contaminated pork from a meat seller and used the meat as the main ingredient in pork pies which were sold to and caused the death of decedent, it was held that neither the meat seller nor the baker was liable under the wrongful-death statute. *Howson v. Company* (1935), 87 N. H. 200, 177 Atl. 656; *Wadleigh*

*v. Howson* (1937), 88 N. H. 365, 189 Atl. 865. The New Hampshire court ruled that actions for breach of warranty are *ex contractu,* not sounding in tort, and, therefore, not actionable under the wrongful-death statute. In Florida, a wrongful-death action based on breach of implied warranty of fitness for consumption was brought when a death was caused by a drug sold as a salt substitute. The court, in *Whiteley v. Webb's City* (Fla. 1951), 55 So. 2d 730, held that a statute which permits a wrongful-death action based on a "wrongful act, negligence, carelessness or default" contemplates actions *ex delicto,* and not *ex contractu.* A vigorous dissent, however, urged that the statute should be construed to allow recovery on the basis that a breach of implied warranty is a wrongful act or a default. Florida subsequently amended its wrongful-death statute to specifically provide that it encompassed both actions *ex delicto* and *ex contractu.* However, the Florida Death of Minors Act did not so provide. Therefore, when an action was brought in *Latimer v. Sears, Roebuck & Co.* (5th Cir. 1960), 285 Fed. 2d 152, 86 A. L. R. 2d 307, for the death of a child who was burned to death because of the flammability of a housecoat, the court held that no action based on breach of implied warranty could be maintained where actions *ex contractu* were not expressly permitted by the statute. Finally, in *Goelz v. J. K. & Susie L. Wadley Research Institute & Blood Bank* (Tex. Civ. App. 1961), 350 S. W. 2d 573, the Texas court ruled that the wrongful-death statute does not allow an action for breach of warranty or breach of contract, where a blood bank administered the wrong type of blood to a patient.

On the other hand, a number of states have allowed actions *ex contractu* under the wrongful-death statute. Most notable are the cases arising under the statutes of New York and California, which permit recovery for death caused by the wrongful act, neglect or default

of another. In *Greco v. S. S. Kresge Co.* (1938), 277 N. Y. 26, 12 N. E. 2d 557, 115 A. L. R. 1020, death was caused by the consumption of spoiled pork sausages sold by the defendant. The court held that an action for breach of implied warranty was properly brought under the death act, stating at page 34:

". . . Violation of a duty owing to another is a wrongful act; breach of a contract involving violation of duty may be likewise a wrongful act. Here, the duty rested on defendant to see, at its peril, that the food was fit for human consumption and it is based on considerations of public health and public policy. . . . Though the action may be brought solely for the breach of the implied warranty, the breach is a wrongful act, a default and, in its essential nature, a tort. . . ."

In *Hinton v. Republic Aviation Corp.* (D. C. N. Y. 1959), 180 Fed. Supp. 31, the court held that the California wrongful-death statute permitted recovery in an action for breach of warranty where death resulted from the crash of an airplane manufactured by defendant.

It would appear that Illinois would also allow an action *ex contractu* to be maintained under the wrongful-death statute of that state. Although the case of *Zostautas v. St. Anthony De Padua Hospital* (1961), 23 Ill. 2d 326, 178 N. E. 2d 303, did not deal with an alleged breach of implied warranty of fitness, but rather with breach of a contract by a physician whose negligent treatment during a tonsillectomy caused the death of plaintiffs' child, the court, at pages 334 and 335, clearly expressed its unwillingness to adopt a rule which distinguished wrongful-death actions sounding in tort and those based on breach of contract:

". . . The tenuousness of such a distinction is apparent in these 'malpractice' cases where the identical conduct of the physician may give rise to either action. Invoking such a distinction would only pay homage to the ancient 'forms of action' and perpetuate formali-

ties of pleading which our Civil Practice Act endeavored to abolish.

"In our judgment the more tenable rule, and that supported by judicial authority . . . is that a breach of a physician's contract resulting in the death of the patient may constitute a 'default' within the terms of our Wrongful Death Act. . . .

"...

" 'Death statutes have their roots in dissatisfaction with the archaisms of the law . . . . It would be a misfortune if a narrow or grudging process of construction were to exemplify and perpetuate the very evils to be remedied.'

"We would be giving our Wrongful Death Act a grudging construction if we would leave remediless cases where death ensues from a physician's breach of contract, and, but for such death, the patient would have had a valid contract action against the physician. Thus, the interpretation evolved herein not only avoids creating inequitable and inconsistent refinements in the common law, but would effectuate the purport and be within the terms of our Wrongful Death Act."

We conclude that the better rule of law would be to allow an action for breach of warranty to be maintained under the wrongful-death statute. Prosser,[3] in his treatise on torts, states that there appears no reason to forbid the application of the doctrine of strict liability in tort to wrongful-death actions. He notes, at pages 651 and 652, sec. 95, that actions on warranty evolved from, and still resemble, actions *ex delicto:*

"Unlike other elements of a contract, warranty never has lost entirely its original tort character. The old tort form of action on the case is still very much alive, and there are many cases which have held that it may still be maintained for a breach of warranty, without any proof of either intentional misrepresentation or negligence. Nor is this a mere technical matter of procedure, since there are many decisions that have held, regardless of the form of action, that the tort aspects

---

[3] Prosser, *Law of Torts* (hornbook series, 3d ed.), p. 925, sec. 121.

of warranty call for the application of a tort rather than a contract rule in various respects, such as the survival of actions, or the statute of limitations, or the more liberal tort rule as to damages, or even allowing recovery for wrongful death. . . ."

In discussing a seller's liability for breach of implied warranty, this court has recognized the tort nature of the action:

". . . When the manufacturer or the seller offers a product for sale which he expects to be used by the consuming public within its intended use and such product is defective and injures the consumer, his liability in tort can be based upon a breach of duty quite apart from contract obligations. . . ." [4]

[Clearly, the appellant's allegations relating to breach of warranty in this state are sufficient to permit her to maintain an action under the Wisconsin wrongful-death statute.] *

Respondents contend, however, that appellant should be barred from maintaining this action by sec. 402.607 (3) (a), Stats., which requires a buyer to notify the seller of a breach of warranty within a reasonable time after he discovers the breach. It is asserted that the first notice respondents received was nearly three years after the accident occurred, which is contended to amount to an unreasonable delay as a matter of law. This allegation was first presented in respondents' answers, and is deemed controverted under sec. 263.26.[5] The question was not presented to the lower court on motion for summary judgment and should not be considered when raised for the first time on appeal. *State*

---

[4] *Dippel v. Sciano* (1967), 37 Wis. 2d 443, 458, 155 N. W. 2d 55.

* (Language withdrawn. See statement substituted therefor in memorandum on motion for rehearing, post, pp. 360a, 360b.)

[5] The applicable portion of sec. 263.26, Stats., states that "the allegation of new matter in an answer not pleaded as part of a counterclaim . . . is deemed controverted."

*ex rel. Hurley v. Schmidley* (1970), 48 Wis. 2d 659, 664, 180 N. W. 2d 605.

There yet remains a question with respect to appellant's status *vel non* as personal representative in light of the October 23, 1968, order of the probate court discharging her. When respondents challenged appellant's status, she applied to the probate court to have the final order withdrawn. This motion was granted on July 7, 1970, more than a year after the original order was entered. Probate courts are subject to the provisions of sec. 269.46 (1), Stats. *Estate of Hatzl* (1964), 24 Wis. 2d 64, 71, 127 N. W. 2d 782, 129 N. W. 2d 249. That statute permits a court to relieve a party from a judgment or order within one year after notice thereof. Since the year had long since expired, the probate court had no power to withdraw the order dismissing appellant as administratrix of the estate.

Although the matter was originally raised by respondents in connection with the assertion that the Indiana statute applied and granted the right to bring an action for wrongful death only to the personal representative of the deceased's estate, it should be noted that the question still exists in this action under the Wisconsin death act. There is no question that appellant has standing to bring suit for damages on behalf of the minor children, since she was appointed general guardian. However, the complaint also seeks recovery of funeral expenses. Sec. 895.04, Stats., provides as follows:

"(5) If the personal representative brings the action he may also recover funeral expenses, including the reasonable cost of a cemetery lot, grave marker and perpetual care of such lot, not exceeding $2,000. If a relative brings the action he may recover such funeral expenses on behalf of himself or of any relative specified in this section who has paid or assumed liability for such expenses."

Therefore, if the funeral expenses were paid for out of the estate of the deceased, appellant, no longer occupying the position of personal representative, would not have standing to recover the amounts expended. If, however, appellant herself, or some other relative enumerated in sec. 895.04, Stats., paid the funeral expenses, such expenses can be recovered. The determination of this question, of course, must await trial.

*By the Court.*—Judgments reversed and cause remanded for further proceedings.

The following memorandum was filed June 12, 1972.

PER CURIAM *(on motion for rehearing).* Ford Motor Company presents two viable points on this motion for rehearing: (1) Must the cause of action stated in terms of breach of warranty be dismissed; and (2) does the fact that two cases cited in the decision have been overruled affect the judgment of this court in any way?

Ford asserts that appellant's failure to plead that notice of the alleged breach of warranty was given should result in the dismissal of that portion of the complaint charging Ford with breach of warranty. The giving of such notice within a reasonable time is a condition precedent to recovery. *Mack Trucks, Inc. v. Sunde* (1963), 19 Wis. 2d 129, 136, 137, 119 N. W. 2d 321. A complaint is defective if it does not allege that such notice was given. 77 C. J. S., *Sales,* p. 1276, sec. 362(e). The failure to plead such notice must be raised by demurrer. *Hellenbrand v. Bowar* (1962), 16 Wis. 2d 264, 268, 114 N. W. 2d 418, 115 N. W. 2d 533. In the instant case, Ford demurred to the complaint on the grounds that it failed to state facts sufficient to constitute a cause of action, and that demurrer was overruled by the trial court. No appeal was ever taken from the order overruling the demurrer. The question of lack of notice was not presented in Ford's motion for summary judgment. There-

fore, the question of notice is not properly before this court. As noted in the decision, Ford's answer alleges lack of notice, and the issue was properly preserved as an issue of fact.

Ford notes that the decision in this case cites two cases from New Hampshire which have been overruled by *Kelley v. Volkswagenwerk Aktiengesellschaft* (1970), 110 N. H. 369, 268 Atl. 2d 837. The overruled cases were cited as illustrations of the views of various courts of the common-law rule with respect to the propriety of maintaining a wrongful-death action based on breach of warranty. In New Hampshire, statutes were enacted to change the common-law rule, which prompted the court in *Kelley* to overrule the two cases cited in the opinion. New Hampshire now permits a wrongful-death action to be brought where breach of warranty is alleged, and now provides further support for this court's decision in the instant case.

In the original decision in this case,[1] we stated at page 359:

"Clearly, the appellant's allegations relating to breach of warranty in this state are sufficient to permit her to maintain an action under the Wisconsin wrongful-death statute."

This language is withdrawn and the following statement is substituted:

"Clearly, allegations relating to breach of warranty in this state are sufficient to maintain an action under the Wisconsin wrongful-death statute."

Motion for rehearing denied.

---

[1] *Schnabl v. Ford Motor Co.*, ante, p. 345, 195 N. W. 2d 602.