**Nancy L. TILLETT, Administratrix of the Estate of Steven Michael Tillett, Deceased, Plaintiff,**

v.

**J.I. CASE COMPANY, Defendant.**

**No. 82–C–1620.**

United States District Court,
E.D. Wisconsin.

Feb. 17, 1984.

Donald H. Carlson, Riordan, Crivello, Carlson, Mentkowski & Henderson, Milwaukee, Wis., for plaintiff.

Terry E. Johnson, Peterson, Johnson & Murray, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

WARREN, District Judge.

This diversity action was originally filed on July 8, 1982, in the United States District Court for the District of Columbia. After an issue was raised as to the jurisdiction of that court, the matter was transferred here pursuant to 28 U.S.C. § 1404(a) by an Order of the Honorable Barrington D. Parker dated November 30, 1982. Status conferences were held on February 15, 1983 and June 13, 1983. On August 1, 1983 defendants filed a Motion for Summary Judgment which has been fully briefed.

Plaintiff, Nancy Tillett, brings this wrongful death action as administratrix of the Estate of Steven Michael Tillett. She is a resident of Pennsylvania, living at 64 Worthington Mill Road, Richboro, Pennsylvania 28954. Defendant, J.I. Case Company, is incorporated under the laws of the State of Delaware with its corporate headquarters in Racine, Wisconsin.

The Complaint alleges that Steven Michael Tillett was serving as a soldier with the United States Army in West Germany on July 29, 1979. On that day he was operating a Case M-24 Wheeled Front End Loader on the Wildflecken Military Base. Allegedly, the vehicle flipped over an embankment and crushed him to death. The plaintiff alleges liability based on theories of negligence, products liability and breach of warranty, all relating to the alleged design defect that the machine was not equipped with a roll-over protective device.

Defendant attacks the complaint on three grounds in the Motion for Summary Judgment. First, it is advanced that to maintain a Wisconsin wrongful death action the death must have been "caused" in Wisconsin. Defendants claim that in this case the death was not "caused" in Wisconsin and therefore the action cannot be maintained. Second, defendants argue plaintiff has lost her cause of action under the Indiana wrongful death act because the two year statute of limitations has run. Third, defendant claims the status of a government contractor who has produced a product to precise government terms, conditions, and specifications and is thus entitled to the "government contractor defense."

## I. CHOICE OF LAW

 This is a diversity action. Hence, a federal forum, faced with a conflict of applicable law must apply the choice of law rules of the forum state, *Klaxon Co. v. Stentor Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Under the traditional method of analysis the Court must decide whether the choice of law is "outcome determinative." If such is the case, a conflict exists and then a "choice-of-law" analysis must be made under the law of the forum.

As plaintiff points out in her brief in opposition, four states and one foreign country (Delaware, Pennsylvania, Indiana, Wisconsin and West Germany) have some degree of contact with this case. The Court agrees with plaintiff that Delaware,

the defendant's state of incorporation, and West Germany are easily eliminated as law choices. Plaintiff also conceded that Pennsylvania law is inapplicable. The Pennsylvania courts interpreted that state's wrongful death statute and held that when a Pennsylvania resident dies as a result of an injury caused in another state, the Pennsylvania wrongful death statute does not apply. *Papciak v. Palmer,* 82 Pa.D. & C. 381, 54 Lack.Jur. 25 (1953).

■ This means that this Court must look to differences between the law of Indiana and Wisconsin to see if the difference is outcome determinative. This case would be time barred under Indiana's two year statute of limitations on wrongful death. It would just get "under the wire" under Wisconsin's three year statute. This "conflict" is outcome determinative and requires a federal court in Wisconsin to apply Wisconsin conflicts law in resolving the choice.

In *Wilcox v. Wilcox,* 26 Wis.2d 617, 133 N.W.2d 408 (1964), the Wisconsin Supreme Court very clearly and concisely scrapped the old lex loci rule with regard to torts and embraced a "center of gravity" or "grouping of contacts" doctrine. Following *Wilcox,* in the case of *Heath v. Zellmer,* 35 Wis.2d 578, 596, 151 N.W.2d 664 (1967), the Court opined that when:

faced with a choice-of-law decision, this court should base its conclusions upon the following choice-influencing considerations ...

Predictability of results;

Maintenance of interstate and international order;

Simplification of the judicial task;

Advancement of the forum's governmental interests;

Application of the better rule of law.

In *Urhammer v. Olson,* 39 Wis.2d 447, 159 N.W.2d 688 (1968), the court specifically extended the concept to contract cases, doing so with very broad language. Then in *Air Products & Chemicals, Inc. v. Fairbanks,* 58 Wis.2d 193, 203, 206 N.W.2d 414 (1973), the court, faced with a conflict of the statutes of limitations of two jurisdic-

tions, applied the above considerations and stated that:

when the policy behind statutes of limitations is examined, the most important are the second and fourth consideration: 'Maintenance of Interstate and International Order; and Advancement of the forum's governmental interests.'

■ Applying the *Heath* qualitative analysis factors as augmented by *Air Products* to the case at bar, this Court concludes that Wisconsin law should govern. An element that buttresses this choice is the fact that in Indiana contributory negligence is a bar to recovery. Wisconsin's comparative negligence law would appear to this tribunal the "better rule of law," as Judge Gordon opined in *Decker v. Fox River Tractor Co.,* 324 F.Supp. 1089 (E.D.Wis.1971).

## II. APPLICATION OF THE WISCONSIN WRONGFUL DEATH STATUTE.

■ Resolving the choice of substantive law here does not, however, resolve the issue. The applicability of the Wisconsin wrongful death statute is still at issue because of the particular wording of Sec. 895.03, Wis.Stats. (1979) which provides:

RECOVERY FOR DEATH BY WRONGFUL DEATH ACT.

Whenever the death of a person shall be caused by a wrongful act, negligent or default and that act, negligent or default is such as would, if the death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who would have been liable, if the death had not ensued, shall be liable to an action for damage notwithstanding the death of the person injured; *provided, that such action shall be brought for death caused in this state.* (Emphasis supplied.)

Since the right to recover for a wrongful death is completely statutory, there being no common law cause of action, the plaintiff's claim must rise or fall on the action's compliance with the requirement that such

action be "for death caused in this state." *Cogger v. Trudell*, 35 Wis.2d 350, 151 N.W.2d 146 (1967).

Defendant argues that plaintiff here has not alleged in the complaint that the death was caused in Wisconsin, and that a series of old cases would make that determinative. However, the Court agrees with plaintiff that under the modern rules of civil procedure and with a liberal interpretation of the complaint, there is not fatal pleading defect and plaintiff has stated a cause of action for wrongful death.

Whether or not the death here was "caused" in Wisconsin is not as easily resolved. An old Wisconsin case, *Rudiger v. Chicago, St. Paul, Minneapolis & Omaha Railway Co.*, 94 Wis. 191, 194–95, 68 N.W. 661 (1896), instructs us that when trying to inject closer meaning into "caused":

> It is not made of the substance of the right of action that the death should have *occurred* within the state, but the gist and substance of the provision is that the death shall have been *caused* by a wrongful act, neglect, or default occurring in this state; but in what state the damages ensued hereon was not, we think, intended to be made material.

*Rudiger* also notes that the statute is a remedial one and should be construed to advance the remedy.

█ Another helpful case is *Schnabl v. Ford Motor Co.*, 54 Wis.2d 345, 195 N.W.2d 602 (1972), 198 N.W.2d 161 (1972), cited by both parties. There the death took place in Indiana when, during a roll-over accident, a seat belt broke. The belts were manufactured and installed in Minnesota. But the plaintiffs apparently purchased the car, thus taking delivery of the allegedly faulty product, from an intermediary in Wisconsin. The *Schnabl* court reasoned that "it is immaterial where the death occurred, so long as it resulted from a wrongful act, neglect, or default in this state." Under the Wisconsin law the test of causation is whether the defendant's negligence was a substantial factor in contributing to the result. The Court felt that it was a question of fact as to whether the delivery in Wisconsin of a faulty seat belt could have been a substantial factor in *causing* the death and reversed the trial court which had granted the manufacturer summary judgment.

Defendants at bar would distinguish *Schnabl* because there the faulty seat belt was purchased and delivered in Wisconsin. In the instant case, all specifications were provided by the government and all design, manufacture and shipment of the Front End Loader took place in Indiana. Plaintiff has not alleged any step or process leading to the presence of the MW–24 loader at the military base in West Germany that took place in Wisconsin. She does argue that all engineering drawings made at the J.I. Case Company include the designation:

"J.I. CASE CO. Racine, Wisconsin"

and that this implies the Racine Headquarters had some contact with the development or approval of the manufacturing specifications and urges that further discovery would reveal that role. Defendants countered with the affidavit of William L. Kriegs, Manager, Corporate Engineering Systems which recites that this designation appears on all J.I. Case Company drawings irrespective of which plant designed, manufactured and shipped the machine. The affidavit of Theodore Jankowski, a counsel for the defendant is to the effect that the MW–24 wheel loader involved was manufactured at the J.I. Case facility in Terre Haute, Indiana.

Ironically, the allegations of the complaint are that the dangerous aspect of the machine was the failure to have it equipped with a roll-over protective device or shield. The affidavit of Jankowski seemed to establish that Section 18.A.20 of the *Safety Standards of the Army Corps of Engineers* contains a requirement for machines such as the MW–24 wheel loader to have "steel canopies and seat belts for the protection of operators from the hazards of roll-over." The Army apparently had notice of this requirement at least two years prior to the contract with J.I. Case under which the machine in question was pro-

cured, and yet did not specify such equipment on the purchase.

 Returning to the issue of whether or not the death was "caused" in Wisconsin, this Court is satisfied that insofar as the causes of action based in negligence and breach of warranty are concerned, there was no activity in Wisconsin which could have been a substantial factor in causing the death in this state. Nor does the fact that the allegation of fault relates to "design" rather than to "manufacture" make any difference. Faced with this motion for summary judgment, if plaintiff had evidence that any part of the preproduction processes of making the machine took place at the Racine plant, she could not rest upon the mere allegations of the complaint, but had an obligation to show in her response specific facts showing that there was an issue in this regard. Rule 56(a) FRCP.

With respect to the strict liability cause of action, plaintiff argues that under Wisconsin's strict liability law, liability is imposed upon a seller who placed in the stream of commerce a product that is unreasonably dangerous to the user or consumer, *Dippel v. Sciano,* 37 Wis.2d 443, 155 N.W.2d 55 (1967). Plaintiff contends J.I. Case Company will profit by the contract and is the "seller" and since its headquarters are in Racine, the death was "caused" in Wisconsin. However, assuming that the product was unreasonably dangerous—and there might be considerable doubt about that since the absence of a roll-over protector might not be the sort of dangerous defect of which the ordinary consumer could not be aware, *Arbet v. Gussarson,* 66 Wis.2d 551, 557, 225 N.W.2d 431 (1974)—this Court believes that a more rational inference to draw is that the death was "caused" in Indiana where the wheel loader was made and placed in the stream of commerce.

In summary, having considered the arguments of counsel the Court is of the opinion that the death of Steven Tillett was not "caused in this state" as required by Section 895.03, Wis.Stats., and hence cannot be maintained under the Wisconsin wrongful death statute anymore than it could under the Indiana statute where it is barred by the statute of limitations. Having reached this conclusion, the Court need not address the question of the government contractor defense and its application in a federal court.

For the reasons discussed above, the motion of the defendant for summary judgment dismissing the complaint on the merits and with costs is GRANTED.