ESTATE OF KISSLING: SCHROEDER, Appellant, vs. KISSLING
and another, Executors, Respondents.

*May 5—June 1, 1955.*

For the appellant there was a brief by *Hackett & Steinle* of Milwaukee, and oral argument by *Roland J. Steinle, Jr.*

For the respondents there was a brief by *E. A. Kletzien* of Menomonee Falls, attorney, and *Lowry & Hunter* of Waukesha of counsel, and oral argument by *Mr. Kletzien.*

FAIRCHILD, C. J.    The question is: Was a sufficient showing made by the appellant to permit the county court to vacate a decree admitting the will of Mary Kissling to probate and to conduct further investigations as to the testamentary capacity of the testatrix at the time she made her will?

Mary Kissling made her will May 26, 1947, which was the same day on which her husband, who predeceased her, made his will. She was the mother of four children: Graham Herman Kissling, Harvey Woodrow Kissling, Mrs. Hazel Kissling Droesse, and Oliver William Kissling, who died preceding the drafting of the will by the testatrix, leaving him surviving the petitioner, Delores Kissling Schroeder. The will devised and bequeathed the estate in equal shares to the three living children and granted a bequest of $100 to the granddaughter, Delores Kissling Schroeder.

The record discloses that the jurisdiction of the county court in the matter of the admission of the will clearly existed, and upon sufficient affirmative evidence, the will was admitted to probate. A comparison of the dates of the different steps taken shows that appellant's petition was made fifteen months after the will was admitted to probate. There is no showing of fraud upon the court nor of surprise nor of misrepresentation affecting the appellant that could warrant the court's setting aside and vacating the decree admitting the will to probate. The allegations are reviewed by the trial court in his opinion, from which review it appears that the petition for probate of the will was filed in the county court on January 27, 1953. Publication was made, and the petitioner in this matter was notified by mail of the date of the proceedings under date of January 28, 1953. The will was admitted to probate on March 12, 1953.

The affidavit submitted by the petitioner is, as the court said: "A general statement to the effect that Mary Kissling, at the time of the execution of the will, was incompetent to make a will, and in support thereof alleges that in her husband's estate a guardian *ad litem* was appointed for the deceased because of her age and illness, that she was unable to fully comprehend her rights in the said estate. The guardian *ad litem* was appointed on November 3, 1948, eighteen months after the will in question was executed."

We do not find in the record anything to sustain a finding that any element of fraud was committed or other circumstances existed to warrant reopening the hearing on the admission of the will to probate. The attestation clause is sufficient. There are other points which have been raised, but we are of the opinion that they are unfounded, and further discussion is not necessary.

*By the Court.*—Order affirmed.

STEINLE, J., took no part.