IN RE ESTATE OF PHILLIPS, Deceased: BANK OF STURGEON BAY, Personal Representative, Respondent, and Cross-Appellant, v. WHITE, and others, Appellants and Cross-Respondents.

Supreme Court

*No. 77–076. Submitted on briefs October 10, 1979.—Decided November 6, 1979.*
(Also reported in 284 N.W.2d 908.)

For the appellants and cross-respondents the cause was submitted on the briefs of *Reynolds, Peckham & Dimick* of Madison.

For the respondent and cross-appellant the cause was submitted on the brief of *Pinkert, Smith, Koehn & Weir* of Sturgeon Bay.

COFFEY, J.   This is an appeal from an order of the County Court of Door County dismissing appellants' objections to the admission to probate of Clifford S. Phillips' Last Will and Testament dated September 10, 1970. The respondent also cross-appealed from an order of the County Court, EDWIN STEPHAN presiding, allowing the appellants to file objections to the 1970 will more than two years after it was admitted to probate.

Clifford S. Phillips (hereinafter the decedent) died testate on September 17, 1971 at the age of 87.   At the time

of his death the decedent was a widower and a resident of the Dorchester Nursing Home in Door County, Wisconsin.

On September 21, 1971, Nettie Lundmark, a niece of the decedent by marriage, petitioned the Door County Court for probate of the uncle's Last Will and Testament dated September 10, 1970, together with an order setting the time for the proof of will and heirship hearing.

Notice of the hearing was mailed to all interested parties named in the probate petition and publication of the notice was given in the Door County Advocate. As the decedent had no known living blood relatives, the Wisconsin Attorney General's office was given notice of the hearing, pursuant to sec. 879.03 (2) (c), Stats.,[1] on October 5, 1971, five days short of the necessary twenty-day time requirement. The original date on the proof of will hearing was adjourned from October 19th to May 23, 1972.[2]

As a result of information given to the state by some of the named legatees the attorney general indicated that he might file a challenge to the decedent's mental capacity at the time of the making of the 1970 will. No objections were filed as a compromise agreement concerning the decedent's will was reached between the attorney general, the petitioner and the Estate of Clifford S. Phillips, deceased (represented by the personal representative, Bank of Sturgeon Bay). The compromise agreement provided as follows:

[1] "879.03 **Notice: Court order.** (1) . . .

"(2) WHO ENTITLED TO NOTICE. The following persons are entitled to notice:

"(a) . . .

"(b) . . .

"(c) The attorney general where a charitable trust, as defined in s. 701.01(3), is involved, and in all cases mentioned in s. 852.01 (3).

[2] The trial court record does not specifically state why the hearing was not held at that time.

"1. That the Executor pay over the sum of Eighteen Thousand Twenty-four and 00/100 ($18,024.00) Dollars to the State of Wisconsin School Fund.

"2. That if any natural or adoptive heirs of the deceased are ever located, they shall have the right to petition the County Court for Door County, Wisconsin, for the recovery of the above mentioned Eighteen Thousand Twenty-Four and 00/100 ($18,024.00) Dollars, subject to the provisions and limitations of Sections 14.58(15) and 863.39(3), Wisconsin Statutes.

"3. That the Last Will and Testament of the deceased, Clifford S. Phillips, dated September 10, 1970, be admitted to probate, subject to the terms of this compromise agreement."

At the request of the state a guardian *ad litem,* Attorney Thorval Toft, was appointed to represent any unknown heirs of the decedent. While the order appointing a guardian *ad litem* was not signed by the court until May, 1972, the petitioner had previously been advised who was to be appointed and thus, in a letter dated April 28, 1972, sent the prospective guardian *ad litem* copies of the order appointing him, as well as the order setting the time to prove the will and heirship, along with a copy of the will and compromise agreement.

At the May 23, 1972 hearing the probate court heard testimony concerning proof of the decedent's 1970 will and also proof of heirship. Following the testimony, the court held:

". . . the document signed by Clifford Philips [sic] ON THE 10TH OF September, 1970 was duly signed by him to the l,aws [sic] of the State of Wisconsin for the execution of testamentary document [sic] and at the time he was fully competent to make a will."

The court, on May 23, 1972, ordered:

1. that the September 10, 1970 will be admitted to probate;

2. that the Bank of Sturgeon Bay is appointed personal representative.

Domiciliary Letters were issued to the Bank that same day.[3]

The decedent's late wife's niece and her husband, Nettie and Herbert Lundmark, residual legatees, petitioned the court for approval of the compromise agreement in accordance with sec. 879.59(6), Stats.,[4] at the May 23rd hearing. The court approved the compromise agreement previously entered into and ordered it binding on the parties.

Final Judgment was entered on February 9, 1973 and the personal representative, Bank of Sturgeon Bay, was discharged the same day.

On February 11, 1974, a little more than a year after the estate was closed, a number of alleged ". . . heirs at law of Clifford Stanley Phillips, deceased, . . ." petitioned the probate court requesting that the court:

". . . enter an Order setting aside all previous probate proceedings, orders and judgments made in the Estate of Clifford Stanley Phillips, deceased, and for such further relief as may be just and reasonable."

---

[3] Domiciliary letters authorize the bank to act as personal representative and probate the decedent's estate.

[4] "879.59(6) PROCEDURE. An application for the approval of a compromise under this section shall be made by verified petition, which shall set forth the provisions of any instrument or documents by virtue of which any claim is made to the property or estate in controversy and all facts relating to the claims of the various parties to the controversy and the possible contingent interests of persons not in being and all facts which make it proper or necessary that the proposed compromise be approved by the court. The court may entertain an application prior to the execution of the proposed compromise by all the parties required to execute it and may permit the execution by the necessary parties to be completed after the inception of the proceedings for approval thereof if the proposed compromise has been approved by the estate representatives described in subs. (1) and (2). The court shall inquire into the circumstances and make such order or decree as justice requires."

A hearing on the heirs' petition for relief was set for April 9, 1974. The court ordered that notice of the hearing on the petition be given to all parties of interest in the previous probate proceedings and also to the heirs at law of the decedent. Notice of the hearing was mailed February 15, 1974.

On the 26th day of March, 1974 the personal representative of the decedent's estate objected to the petition of the heirs at law on the ground that it ". . . was not filed within the time limited by Section 879.31 of the Wisconsin Statutes, to-wit: within Six (6) months of the act complained of."

The court held a hearing on the petition on April 9, 1974, and some 10 days later, on April 19, 1974, the court in a written decision stated:

"In reviewing all of the facts of this case and the law as provided by the briefs of both parties and an independent review of the law, I am satisfied that the various procedural requirements of the law of Wisconsin has been followed and that the Court had jurisdiction to enter the Orders that it did.

"However, in the interest of justice, since it is apparent that petitioners herein were not given actual notice of the proceedings, as they should have received, and that they have not had their day in Court, the Court will hear and adjudge any future petition relative to their interests within sixty (60) days from this date, without prejudice to them, from any prior orders or decrees in these proceedings."

The personal representative of the decedent's estate appealed ". . . from the decision rendered and entered in this matter . . ." In a PER CURIAM opinion[5] filed November 25, 1975, this court dismissed the appeal holding the April 19th decision not to be a final order and therefore not appealable.

---

[5] *Estate of Phillips: Bank of Sturgeon Bay v. White* (Unpublished Per Curiam), 70 Wis.2d 1133, 235 N.W.2d 540 (1975).

On January 7, 1976 the heirs at law, refiled their petition requesting the probate court to:

1. Take proofs of heirship of the heirs at law of Clifford Stanley Phillips;

2. Set aside the previous probate proceedings as void as to the decedent's heirs at law for want of jurisdiction over the said heirs at law; and

3. For such other relief as may be just and reasonable.

A hearing on the petition was held after all parties in interest in the previous probate proceedings and the alleged heirs at law of the decedent had received notice by mail and publication. At the hearing testimony was taken regarding proof of heirship that established that the petitioners were in fact heirs at law of the decedent.

On March 23, 1976 the petitioners objected to admission to probate of the will of the decedent on the following grounds:

"1. That at the time of the execution of said instrument, the said Clifford Stanley Phillips was not of sound mind and had not sufficient mental capacity to make a will.

"2. That the execution of said instrument was procured by undue influence exercised over and upon said Clifford Stanley Phillips, deceased, by Nettie Lundmark."

Hearings on these objections to the will were held in October, 1976, and subsequently, the probate court issued a written decision holding:

". . . the objection raised by the attorneys for the objectors that at the time of execution of said instrument the said Clifford Phillips was not of sound mind and had not sufficient mental capacity to make a will is without legal merit."

and also holding:

". . . the Court cannot find that Nettie Lundmark had opportunity to exert undue influence upon Clifford Phillips. . . ."

Therefore, the court held "That the Last Will and Testament of Clifford Stanley Phillips, dated September 10, 1970, was executed according to Law and the Will was properly admitted to Probate on May 23, 1972."

An order dismissing the objections of the heirs at law to the decedent's 1970 will was entered April 25, 1977. It is from this order that the appellants have appealed. The respondents have again cross-appealed from the order of the probate court, allowing the appellants to petition the court for relief from the initial probate proceedings.

*Issues*

1. Did the probate court provide sufficient notice of the hearing on proof of decedent's will to the appellants, the heirs at law of the decedent, so as to acquire personal jurisdiction over them?

2. Did the probate court err in finding that the decedent possessed sufficient testamentary capacity to execute the September 10, 1970 will?

3. Was the probate court in error when finding that the decedent's will was not the result of undue influence?

4. Did the probate court err when it allowed the appellants to file objections to the 1970 will almost two years after the will had been admitted to probate?

The appellants are seeking to have the probate court set aside ". . . all previous probate proceedings, and judgments . . ." on the grounds that the decedent lacked the necessary testamentary capacity, was subjected to undue influence and the failure to give a proper notice. The power of the probate court to set aside its own order or judgment was discussed by this court in *Estate of Baumgarten*, 12 Wis.2d 212, 107 N.W.2d 169 (1961). In that case the court set out the rule as follows:

"A county court has power at any time to set aside an order or judgment entered by it which is void because

the court did not have jurisdiction to enter it, or which was obtained by fraud . . . [citations omitted]. However, where there is no equitable ground, such as fraud, for setting aside an order or judgment, the county court's power to set aside or alter the same is subject to the time limits imposed by secs. 269.46 [now sec. 806.07] and 324.-05, [now sec. 879.31] Stats., except in the very limited respect authorized by sec. 324.21." *Id.* at 222–23.

The appellants, in their brief, argue that the probate court had the power to set aside its May 23, 1972 order admitting the decedent's September, 1970 will to probate because the court, at the time of the May 23, 1972 order, lacked jurisdiction to enter the order. Specifically, the appellants claim the probate court lacked jurisdiction to enter the May 23rd order because:

1. the appellants, heirs at law of the decedent, failed to receive notice of the hearing on proof of will; and

2. that the notice given to the attorney general's office and the guardian *ad litem* for unknown heirs of the decedent was improper as it failed to comply with the statutory twenty-day notice.

The law in Wisconsin holds that where the respondent fails to give legal notice to the proper parties in interest, as the appellants in this, all orders and judgments entered in the previous probate proceedings would be void as the failure to give legal notice would result in a defect of jurisdiction rendering the proceeding ineffective as to those parties in interest to whom no notice was given. MacDonald, *Wisconsin Probate Law and Practice,* Vol. 1, sec. 1.60, p. 12 (1972). The question, therefore, becomes whether the heirs at law did in fact receive valid notice.

The attorney who drafted the decedent's wills of 1957, 1969 and 1970 testified that since 1957 the decedent had continually stated that he had ". . . no living blood relatives . . ." These statements, plus the fact that no living blood relatives had visited him for 30 to 40 years, led the

people close to him to conclude that he was in fact without living heirs at the time of his death.

It is undisputed that the heirs at law (the appellants in this case) failed to receive written notice of the hearing on the proof of will. However, notice was given by publication pursuant to sec. 879.05(4), Stats., in the Door County Advocate. Respondent claims that this published notice provided the heirs at law with legal notice of the hearing on proof of will and, therefore, the heirs at law were bound by the May 23, 1972 order admitting the decedent's 1970 will to probate.

The publication of legal notice in a county newspaper of general circulation has been approved by courts as sufficient to give notice to unknown or missing heirs. The United States Supreme Court in *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1949) held:

"This Court has not hesitated to approve of resort to publication as a customary substitute . . . where it is not reasonably possible or practicable to give more adequate warning. Thus it has been recognized that, in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights [citations omitted].

"Those beneficiaries represented by appellant whose interests or whereabouts could not with due diligence be ascertained come clearly within this category. As to them the statutory notice is sufficient. However great the odds that publication will never reach the eyes of such unknown parties, it is not in the typical case much more likely to fail than any of the choices open to legislators endeavoring to prescribe the best notice practicable." *Id.* at 317.

The *Mullane* rationale has been adopted by this court in *Chicago & North Western Transportation Company v. Pedersen,* 80 Wis.2d 566, 259 N.W.2d 316 (1977):

"Implicit in the right to a hearing is adequate notice of the hearing. Personal service is always sufficient notice. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313, 70 S. Ct. 652, 94 L. Ed. 865 (1950). Where a person's location is known or easily ascertainable personal service is also required. *Shroeder v. City of New York*, 371 U.S. 208, 212, 213, 83 S. Ct. 279, 9 L. Ed.2d 225 (1962). But for, '. . . persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits . . .' For such persons publication is adequate notice. *Mullane, supra,* at 339 U.S. 306, 317." *Id.* at 572.

Under the *Mullane, supra,* rationale notice by publication would be reasonable and proper under the circumstances of this case.

Also, an examination of the following Wisconsin statutes established that the published notice in this case was sufficient. Sec. 856.11, Stats.,[6] requires the notice of hearing on the petition for administration shall be given as provided in sec. 879.03. In turn, sub. (1) of 879.03, provides as follows:

"If notice of any proceeding in court or informal administration is required by law or deemed necessary by the court or the probate registrar under informal administration proceedings and the manner of giving notice is not directed by law, the court or the probate registrar shall order notice to be given under s. 879.05. The court

---

[6] "856.11. **Notice of hearing on petition for administration.** When a petition for administration is filed, the court shall set a time for proving the will, if any, for determination of heirship and for the appointment of a personal representative. Notice of hearing on the petition shall be given as provided in s. 879.03 with the additional requirement that when any person interested is represented by a guardian ad litem, notice shall be given to both the person interested and his guardian ad litem. A copy of the will which is being presented for proof shall be sent to all persons interested, except those whose only interest is as a beneficiary of a monetary bequest or a bequest or devise of specific property. To those persons a notice of the nature and amount of the devise or bequest shall be sent."

or the probate registrar may order both service by publication and personal service on designated persons."

Since sec. 856.11, Stats., does not prescribe the ". . . manner of giving notice. . ." under the provisions of sec. 879.03(1), notice should have been given as provided for in sec. 879.05.[7] Sub. (1) of 879.05, Stats., states that unless other provided:

". . . notice required in the administration of an estate or other proceeding shall be given either by mail under sub. (2) or by personal service under sub. (3)."

Sub. (2) of 879.05, Stats., provides that service by mail is limited to ". . . any person whose post-office address is known or can with reasonable diligence be ascertained." Since the petitioning heirs at law had not been heard from for 30 to 40 years, their existence or whereabouts were unknown in this case and accordingly their addresses were not known or reasonably ascertainable.

---

[7] "879.05 Notice; manner of giving. (1) GENERALLY. Unless the statute requiring notice in a particular proceeding provides otherwise, notice required in the administration of an estate or other proceeding shall be given either by mail under sub. (2) or by personal service under sub. (3). The first notice given by mail in any administration or other proceeding must be accompanied by notice by publication given under sub. (4). Notice by publication in addition to mailed notice is required for subsequent hearings if the name or the post-office address of one or more persons entitled to notice has not been ascertained.

"(2) SERVICE BY MAIL. Service shall be made by first class mail either within or without the state at least 20 days before the hearing or proceeding upon any person whose post-office address is known or can with reasonable diligence be ascertained.

"(3) PERSONAL SERVICE. Personal service shall be made at least 10 days before the hearing under s. 801.11, except as that section provides for service by publication and except that substituted service under s. 801.11(1)(b) may not be made outside this state.

"(4) SERVICE BY PUBLICATION. Unless a statute provides otherwise, every court notice required to be given by publication shall be published as a class 3 notice in a newspaper published in the county, eligible under ch. 985, as the court by order directs."

Therefore, the court could reasonably conclude that it was impossible to accomplish service by mail pursuant to sec. 879.05(2). Sub. (3) of 879.05 provides for personal service of the notice ". . . under s. 801.11, except as that section provides for service by publication. . .". Sec. 801.11(1),[8] establishes how personal service on natural persons, the appellants in this case, is to be accomplished. Under sec. 801.11(1)(c), service by publication alone is proper in cases where it is impossible to accomplish either personal service or leaving the document at the party's usual place of abode because of the inability to ascertain the party's post-office address with reasonable diligence. The facts in this case establish without doubt that it was

[8] "801.11 **Personal jurisdiction, manner of serving summons for.** A court of this state having jurisdiction of the subject matter and grounds for personal jurisdiction as provided in s. 801.05 may exercise personal jurisdiction over a defendant by service of a summons as follows:

"(1) NATURAL PERSON. Except as provided in sub. (2) upon a natural person:

"(a) By personally serving the summons upon the defendant either within or without this state.

"(b) If with reasonable diligence the defendant cannot be served under par. (a), then by leaving a copy of the summons at the defendant's usual place of abode within this state in the presence of some competent member of the family at least 14 years of age, who shall be informed of the contents thereof.

"(c) If with reasonable diligence the defendant cannot be served under par. (a) or (b), service may be made by publication of the summons as a class 3 notice, under ch. 985, and by mailing. If the defendant's post-office address is known or can with reasonable diligence be ascertained, there shall be mailed to the defendant, at or immediately prior to the first publication, a copy of the summons and a copy of the complaint. The mailing may be omitted if the post-office address cannot be ascertained with reasonable diligence.

"(d) In any case, by serving the summons in a manner specified by any other statute upon the defendant or upon an agent authorized by appointment or by law to accept service of the summons for the defendant."

impossible to gain personal service on the heirs at law because their existence and addresses were unknown. The probate court found that reasonable attempts were made, but were unsuccessful in ascertaining the existence of possible heirs.

Under the circumstances of this case and in light of sec. 801.11 (1) (c), Stats., and the holdings of *Mullane, supra,* and *Chicago & North Western Transportation Co. v. Pedersen, supra,* we hold that the publishing of the notice of hearing on proof of will in the Door County Advocate for three consecutive weeks provided the appellants with the legal notice required in sec. 856.11.

It should also be pointed out that the interests of the appellants were represented at the hearing on the proof of will by the appointed guardian ad litem representing any possible unknown heirs of the decedent.

This court has held that a judgment or order of the court is valid and binding upon those parties who have received notice or have waived notice by appearance or otherwise. *O'Dell v. Rogers,* 44 Wis. 136 (1878). Since the appellants in this case had received notice of the hearing by publication, pursuant to statute, we hold the probate court had personal jurisdiction over them and, therefore, the order admitting the decedent's 1970 will to probate was proper.

The second basis cited by the appellants for their claim that the probate court lacked jurisdiction to enter the May 23, 1972 order is founded on the insufficiency of the notices given to the Wisconsin attorney general's office and the guardian *ad litem.* Specifically, the appellants claim that neither the attorney general's office nor the guardian *ad litem* received notice of the hearing on proof of will twenty days prior to the hearing date as required under sec. 879.05 (2), Stats. We believe there is no possible question about the sufficiency of notice in this case

because both the attorney general's office and the guardian *ad litem* waived their objection to the failure to give proper notice. The attorney general's office waived the requirement of notice with the execution of a Waiver and Consent[9] form on May 5, 1972 and agreed to an immediate hearing without notice. The Waiver and Consent was filed with the probate court at the time of the hearing on proof of the decedent's will. Pursuant to sec. 879.11, the guardian *ad litem* also waived notice of the hearing by appearing and orally agreeing to an immediate hearing.

It should be pointed out the guardian *ad litem's* appearance acts only as a waiver of the notice requirement as to him personally. Thus, it does not eliminate the requirement for giving legal notice to the heirs at law whom the guardian *ad litem* represented. However, the notice requirement as to the heirs was fulfilled by publication.

Lastly, the appellants challenge the probate court's jurisdiction over them by arguing that the published notice was invalid because October 19, 1971 was given as the date for the hearing on proof of the 1970 will, when in fact the hearing was adjourned until May 23, 1972. Appellants argue that an additional notice was required for the adjourned hearing. This Court, in *Field v. The Apple River Log Driving Co.*, 67 Wis. 569, 31 N.W. 17 (1887) held that where the records of the probate of a will show the proceeding to have been regular, the fact that the published notice fixed a date for the hearing of the petition but the matter was heard two weeks later was no grounds for objection to the validity of the court proceedings. There is no indication in the record that the May 23, 1972 proceedings were in any way irregular. Therefore, the fact that the original notice recited the October 19, 1971 date as the date of the hearing when in fact the hearing

---

[9] This was the second Waiver and Consent executed by the state. The first had been withdrawn by the state prior to the scheduled hearing on proof of will set for October 19, 1971.

was adjourned until May 23, 1972 will not invalidate the proceedings admitting the will to probate. Thus, the Door County court had jurisdiction to admit the decedent's will to probate.

In *Estate of Baumgarten, supra,* the court recognized that a court may set aside one of its own orders or judgments on grounds other than lack of jurisdiction where they are obtained as a result of a fraud perpetrated on the court.

The court in *In Matter of Estate of Kennedy,* 74 Wis.2d 413, 247 N.W.2d 75 (1976) recognized that fraud can constitute a basis for modifying or reversing a prior order of the court regardless of any time restrictions limiting the period when a prior order of judgment of the court may be vacated:

". . . statutory time limits will not prevent the court from vacating the order if the petition is made on the ground that the order was induced by or constituted fraud upon the court. *Estate of Penney,* 225 Wis. 455, 470, 274 N.W. 247, 254 (1937)." *Id.* at 419.

The appellants, in their petition, did not allege fraud as a ground for vacating the court's May 23rd order and we further point out that the appellants' allegations of lack of testamentary capacity or undue influence are insufficient to constitute a showing of fraud on the probate court:

". . . *Estate of Kissling,* 270 Wis. 242, 244, 70 N.W.2d 685, 686 (1955). In that case this court held a general statement that a testatrix was incompetent was insufficient to show a fraud on the court. Without some kind of a prima facie showing of fraud a mere allegation is not sufficient to require a court to reopen the admission of a will to probate after the time for appeal of such admission has expired. The same is true of a claim of undue influence for undue influence is merely a species of fraud.

A general statement alleging undue influence is not enough to support reopening of the admission of the will. . . . If the petitioner desires to present evidence concerning undue influence she had to do more than make a conclusionary allegation of undue influence. Some prima facie showing had to be made, or evidentiary fact alleged, before the court could take evidence on this objection. . . ." *Id.* at 423–24.

Therefore, the appellants are not entitled to have the court's order of May 23, 1972 vacated or set aside on grounds of fraud.

Absent a showing of fraud or lack of jurisdiction, the probate court was without authority to vacate or set aside any of its orders or judgments beyond the time limits established by statute. Secs. 879.31 and 269.46, Stats., prescribe the time limits within which a court may vacate, set aside, reopen or re-try a previous order, judgment or decision of the court. Sec. 879.31[10] allows the probate court to reopen a probate case and grant a retrial upon the petition of an aggrieved party, such as appellants, within *6 months* after the act complained of. The act complained of in this case was the admittance to probate of a will executed by the decedent on September 10, 1970. The will was admitted to probate, by order of the court on May 23, 1972. Thus, the appellants had 6 months from the date of that order to petition the court for a rehearing. However, the appellants did not file their petition for relief until February 12, 1974, thus in excess of a year and a half after the order admitting the

---

[10] "879.31 **Extension of time for appeal; retrial.** If any person aggrieved by any act of the court does not appeal within the time allowed without fault on the person's part, the court may, upon his or her petition, notice to the adverse party, and hearing, and upon terms and within the time the court deems reasonable, *but not later than 6 months after the act complained of,* by order allow an appeal, if justice appears to require it, with the same effect as though done seasonably; or *the court may reopen the case and grant a retrial.*" (Emphasis supplied.)

will to probate. Also, the petition was filed more than a year after the entry of the Final Judgment and the personal representative had been discharged. Therefore, the appellants' petition did not comply with the time limits of sec. 879.31, and the court was without jurisdiction to grant a retrial. Sec. 269.46, Stats.,[11] allows a court to grant relief to a party from its judgments or orders, at any time within one year after notice thereof, where it was obtained through mistake, inadvertence, surprise or excusable neglect. In this case the appellants have neither alleged mistake, inadvertence, surprise or excusable neglect as grounds for setting aside the orders and judgment entered in the previous probate proceedings. Nor did they make application for the desired relief within one year from the date of the order admitting the will to probate. Therefore, the petition was not brought within the time limits of sec. 269.46. *Estate of Poulsen,* 54 Wis.2d 139, 194 N.W.2d 593 (1971) ; *Schnabl v. Ford Motor Co.,* 54 Wis.2d 345, 195 N.W.2d 602, 198 N.W.2d 161 (1971) ; *Estate of Sharp,* 63 Wis.2d 254, 217 N.W.2d 258 (1973).

[11] "269.46. **Relief from judgments, orders and stipulations; review of judgments and orders.** (1) The court may, upon notice and just terms, at any time within one year after notice thereof, relieve a party from a judgment, order, stipulation or other proceeding against him obtained, through his mistake, inadvertence, surprise or excusable neglect and may supply an omission in any proceeding. In addition to the required affidavits, all motions to vacate a judgment entered upon default or cognovit and to obtain a trial upon the merits shall be accompanied by a proposed verified answer disclosing a defense.

"(2) No agreement, stipulation or consent, between the parties or their attorneys, in respect to the proceedings in an action or special proceeding, shall be binding unless made in court and entered in the minutes or made in writing and subscribed by the party to be bound thereby or by his attorney.

"(3) All judgments and court orders may be reviewed by the court at any time within 60 days from service of notice of entry thereof, but not later than 60 days after the end of the term of entry thereof."

■

Thus, we conclude that the probate court, in this case, was without jurisdiction to set aside or vacate its earlier order admitting the will to probate. *Estate of Baumgarten, supra.* Therefore, the court's order admitting the decedent's will to probate was proper and is affirmed.

In view of our above holding, we do not directly reach the other issues raised, but our complete review of the record demonstrates that the findings of the court as to testamentary capacity and undue influence were not contrary to the great weight and clear preponderance of the evidence.

*By the Court.*—Order affirmed.